1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CALIFORNIA BOARD SPORTS, INC.,

Plaintiff,

v.

G.H. DIJKMANS BEHEER B.V.,

Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil No. 09cv1855-L(RBB)

**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE BY ALTERNATIVE MEANS**

In this trademark action Plaintiff filed an *Ex Parte* Application for an Order Authorizing Alternate Service of Process on Defendant ("Application"). Plaintiff, a California corporation, is requesting leave to serve Defendant, a Netherlands corporation, by e-mail and mail at Defendant's counsel's address in Missouri. Defendant filed an opposition and Plaintiff replied. For the reasons which follow, the Application is **DENIED**.

On August 26, 2009 Plaintiff filed a complaint in this court. Subsequently it entered into settlement negotiations with Defendant through its counsel in Missouri. When it became apparent that the dispute would not settle, on September 17, 2009 Plaintiff informed Defendant's counsel of the pending complaint and asked him to accept service on Defendant's behalf. The counsel declined. On September 29, 2009 Defendant filed a trademark infringement complaint against Plaintiff in the federal court in Missouri and served Plaintiff in California. On October 6, 2009 Plaintiff, in an attempt to serve Defendant, sent via United States Postal Service by

1  international registered mail the Summons and Complaint to Defendant's agent for service of

2  process and its trademark counsel in the Netherlands.  Plaintiff does not expect to receive the

3  return receipt from the Netherlands for "up to several months."  On October 8, 2009 Plaintiff

4  filed the pending Application to obtain leave to serve Defendant's counsel in Missouri so as to

5  ensure that its first-filed complaint would also be the first-served and the case would proceed in

6  this District rather than in Missouri.

7       Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign

8  business entity in the manner prescribed by Rule 4(f) for individuals, except for personal

9  delivery.  Rule 4(f)(3) permits service "by means not prohibited by international agreement, as

10 the court orders."  The parties agree that the Netherlands is a signatory to the Hague Convention

11 on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention").  "A

12 federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an

13 international agreement, including the Hague Convention, referenced in Rule 4(f)(1)."  *Rio

14 Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 n.4 (9th Cir. 2002).  The Hague

15 Convention neither provides for nor prohibits service as requested by Plaintiff.  (*See* Art. 1-14.)

16      If the means of service is not prohibited by the applicable international agreement or

17 federal law, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary

18 relief.'  It is merely one means among several which enables service of process on an

19 international defendant."  *Id*. at 1015 (internal citations omitted).  In deciding whether service

20 should proceed under Rule 4(f)(3) as opposed to 4(f)(1) or (2), the court must determine whether

21 "the particularities and necessities of a given case require alternate service of process under Rule

22 4(f)(3)."  *Id*. at 1016.  Specifically, the moving party must demonstrate "that the facts and

23 circumstances of the . . . case necessitate[] the district court's intervention."  *Id*.

24      In *Rio Properties*, after diligent efforts, the plaintiff was unable to serve the defendant, a

25 Costa Rican entity, either at its address in the United States or in Costa Rica.  *Id*. at 1012, 1013,

26 1016.  Because the international defendant was "elusive" and "striving to evade service of

27 process, the district court properly exercised its discretionary powers to craft alternate means of

28 service," including serving the defendant's counsel in the United States.  *Id*. at 1016.

09cv1855

1    In this case, Plaintiff argues that the court's intervention, *i.e.*, an order permitting service

2    on Defendant's counsel in Missouri, is necessary because Plaintiff's October 6, 2009 service by

3    mail[1] may be too slow to defeat Defendant's efforts to litigate this dispute in Missouri.  This was

4    in large part caused by Plaintiff's decision to delay the start of its efforts to serve from August

5    26, 2009 until October 6, 2009.

6    Based on the foregoing,  the facts and circumstances of this case do not necessitate the

7    court's intervention in the service of process.  Accordingly, Plaintiff's Application is **DENIED**.

8    **IT IS SO ORDERED**.

9

10   DATED:  October 20, 2009

11   _____

12   M. James Lorenz
     United States District Court Judge

---

28   [1]   The parties do not request, and the court does not offer, any opinion regarding the
     legal sufficiency of service by mail in this case.